IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | No. 10-CR-30042-MJR |
| FREDERICK L. WEBSTER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM AND ORDER

REAGAN, District Judge:

On April 22, 2011, Frederick L. Webster was sentenced to concurrent terms of 180 months in prison on Counts 1-4 of an indictment charging him with distribution of, and possession with the intent to distribute, cocaine base (Doc. 77). On December 15, 2011, this Court denied Webster's motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) and the corresponding recent amendments to United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 89). The Court simultaneously granted Webster's appointed counsel leave to withdraw (Doc. 89). On February 9, 2012, Webster, proceeding pro se, filed a second "Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" (Doc. 90).

As a preliminary matter, the Court must determine the procedural and jurisdictional posture of the motion. Technically, a motion to reconsider does not exist under the Federal Rules of Criminal Procedure; there is no counterpart to a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or a motion for relief from judgment/order under Federal Rule of Civil Procedure 60(b). *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010). Nevertheless, the Supreme Court has recognized that, as a matter of

1

general practice, such motions should be permitted, as they are in civil suits. *Id*. at 501-503 (citing *United States v. Healy*, 376 U.S. 75 (1964); *United States v. Dieter*, 429 U.S. 6 (1976); and *United States v. Ibarra*, 502 U.S. 1 (1991). "[I]n a criminal case a timely petition for rehearing . . . filed within the permissible time for appeal renders the judgment not final for purposes of appeal until the court disposes of the petition. . . . ." *Healy*, 376 U.S. at 77-78. Federal Rule of Appellate Procedure 4(b)(1)(A)(i) allots 14 days for an appeal to be filed, running from entry of the order being appealed. *See also United States v. Redd*, 630 F.3d 649, 650 (2011) (applying Rule 4(b) to a motion to reconsider the denial of a motion to reduce sentence pursuant to Section 3582(c)). Webster's motion was filed 56 days after his first Section 3582(c) motion was denied and is therefore ineffectual as a motion for reconsideration. *Redd*, 630 F.3d at 650.

Insofar as Webster's second motion for a reduction can be considered separate and distinct from his first motion, in *Redd*, the Seventh Circuit explained (relative to the 2008 retroactive amendment to Section 3582(c)) that neither Section 3582(c)(2) nor the language of the amendment suggests that a defendant is entitled to more than one opportunity to request a lower sentence for any given change in the Guideline range. "Once the district judge makes a decision, Rule 35[1] applies and curtails any further power of revision, unless the Commission again changes the Guidelines and makes that change, too, retroactive." *Redd*, 630 F.3d at 651. Furthermore, a successive Section 3582(c) motion cannot be used to obtain a fresh decision or to take what amounts to a fresh appeal of the original decision. *Id*.

IT IS THEREFORE ORDERED that, for the reasons stated, Defendant Webster's

---

[1] Federal Rule of Criminal Procedure 35 prescribes the deadlines and methods for correcting or reducing a sentence.

second "Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" (Doc. 90) is **DENIED**.

IT IS SO ORDERED.

DATED: February 15, 2012

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
UNITED STATES DISTRICT JUDGE